UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2009 JUN -2 PM 1:14
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. A-09-CR- |
| | ) | |
| Plaintiff, | ) | I N D I C T M E N T |
| v. | ) | |
| | ) | |
| | ) | [Conspiracy to distribute |
| KYLE CHRISTOPHER HAYUNGS | ) | marijuana and distribution of |
| | ) | marijuana - 21 USC 846 and 841 |
| | ) | money laundering - 18 USC 1956.] |

USAO # 2008R11537

THE GRAND JURY CHARGES:

'09 CR-241 SS

**COUNT ONE**
[21 U.S.C. § 846]

Beginning in or about January, 2007, and continuing until on or about March 28, 2008, at Austin, Texas in the Western District of Texas and elsewhere, the Defendants,

KYLE CHRISTOPHER HAYUNGS

knowingly, intentionally and unlawfully combined, conspired, confederated, and agreed with others known and unknown to the Grand Jury to distribute a controlled substance, which offense involved 100 kilograms or more of a mixture or substance that contained a detectable amount of marijuana, a Schedule I Controlled Substance, contrary to Title 21, United States Code, Section 841(b)(1)(B), and in violation of Title 21, United States Code, Section 846.

## COUNT TWO
### [21 U.S.C. § 841]

On or about February 27, 2008 in Austin, Travis County, Texas in the Western District of Texas and elsewhere, the Defendant,

KYLE CHRISTOPHER HAYUNGS

knowingly, intentionally and unlawfully distributed and attempted to distribute a controlled substance, which offense involved a mixture or substance that contained a detectable amount of marijuana, a Schedule I Controlled Substance, contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and in violation of Title 21, United States Code, Section 846.

## COUNT THREE
## [18 USC 1956 (a)(1)(i)]

Between in or about January, 2007 and on or about March 4, 2008 at Austin, Texas in the Western District of Texas and elsewhere, the Defendant,

KYLE CHRISTOPHER HAYUNGS

knowing that the property involved in a financial transaction, specifically currency from the sale and distribution of marijuana, represented the proceeds from the unlawful distribution and manufacture of marijuana and with the intent to promote the ongoing distribution of marijuana, made cash payments for "fronted" marijuana knowing that the currency he delivered as payment of this debt represented the proceeds from his illegal marijuana distribution business, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(I).

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
## (21 U.S.C. §§ 846 &841 (a)(1), and 21 U.S.C. § 853)

I. Upon the conviction on one or more of the offense(s) set forth in Counts 1, 2 or 3 Defendant KYLE CHRISTOPHER HAYUNGS shall forfeit jointly and severally to the United States any property constituting, or derived from any proceeds that said defendants obtained directly or indirectly as a result of the said violation; any and all property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation of this indictment including but not limited to the following:

**CURRENCY**

Approximately $3,000. In currency seized from the defendant at the time of his arrest on or about February 27, 2008; and

Approximately $4,550 in currency seized from the defendant's residence pursuant to the execution of a search warrant executed on or about February 27, 2008.

**MONEY JUDGMENT**

A sum of money equal to no less than $100,000.00 in United States currency, representing the amount of money involved in the offense(s) for which the defendants are jointly and severally liable.

II. Upon the conviction on the offense set forth in Count One, Defendants shall also forfeit to the United States any property constituting, or derived from any proceeds that said

defendants obtained directly or indirectly as a result of the said violation; any and all property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation of this indictment.

III. **SUBSTITUTE ASSETS**

If any property listed in II is subject to forfeiture as a result of the offense set forth in Count One:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third person;
    c. has been placed beyond the jurisdiction of the Court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be subdivided without difficulty;

as a result of any act or omission of the Defendants named in this notice, it is the intent of the United States of America, to seek forfeiture of any other property of said Defendant, up to the value of the property listed in Paragraphs II above as being subject to forfeiture.

JOHNNY SUTTON
UNITED STATES ATTORNEY

By: /s/ Mark H. Marshall
MARK H. MARSHALL
Assistant U.S. Attorney

ORIGINAL SIGNATURE REDACTED PURSUANT TO E-GOVERNMENT ACT OF 2002

Sealed _____
Unsealed  X

Personal Data Sheet    USAO#  **2008R11537**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS

**A09 CR-241 SS**

RELATED CASE ____ YES  X  NO
CASE NO. _____

| Field | Value | Field | Value |
|---|---|---|---|
| County: | **TRAVIS** | Division: **AUSTIN** | Judge: |
| Date: | 03/17/2009 | Mag Ct.#   SSN: | FBI#: |
| Case No.: |  | Assistant U.S. Attorney: | **Mark H. Marshall** |
| Defendant: | **KYLE CHRISTOPHER HAYUNGS** | Date of Birth: | **REDACTED** |
| Address: |  |  |  |
| Citizenship: | United States  X | Mexican | Other |
| Interpreter Needed: | Yes ___  No  X | Language |  |
| Defense Attorney: |  | Employed |  |
| Address of Attorney: |  | Appointed |  |

Defendant is:   In Jail ____  Where: _____
               On Bond ____  Amt. of Bond ____  Where: _____

Date of Arrest: _____   Bench Warrant Needed  **Yes**

Prosecution By:   Information ____   Indictment  **X**

Offense (Code & Description):
Count 1: 21 U.S.C. 846 - Conspiracy to distribute + 100 kg of marijuana.
Count 2-3: 21 U.S.C. 841(a)(1)(D) and 21 U.S.C. 846 - Distribution of and PWID marijuana.
Count 4: 18 U.S.C. 1956 - Money Laundering

Offense Is:   Felony  **X**   Misdemeanor ____

Maximum Sentence:
Count 1: 5 to 40 yrs imprisonment; $2M fine; At Least 4-5 Yrs TSR; A $100 SA
Count 2-3: 5 yrs imprisonment; 250,000 fine; not more than 2 yrs TSR; $100 SA
Count 4: 20 yrs imprisonment; $500K or twice the amount laundered; 3yrs TSR; $100 SA.

Penalty is Mandatory:   As to special assessment   Yes  **X**   No ____

Remarks: Case Agent: APD-Howard Staha 512-974-5365